carriage and harness in possession of plaintiff be returned to defendant." This was irregular and ineffective. The return must be the plaintiff's voluntary act if he elect to rescind, and if he elect to retain a portion of the property (assuming but without deciding that he may lawfully do so) the action must be confined to a claim for the damages.

The judgment should be reversed, and a new trial ordered. All concur.

---

CITY OF NEW YORK v. HUSTED et al. SAME v. MITCHELL et al. SAME v. TEED et al. SAME v. MEACLE et al. SAME v. SMITH et al. SAME v. GRIFFIN et al.

(Supreme Court, Appellate Division, Second Department. June 29, 1905.)

TAXATION—NEW YORK CITY WATERWORKS.

> Greater New York City Charter provides that the lands taken for storage reservoirs, or for other constructions necessary for the introduction and maintenance of a water supply, shall be taxed in the counties where located, at the value of the lands, exclusive of the aqueduct and the works necessary for its purposes, provided that the assessed value of said lands shall not exceed the assessed value of the lands in the immediate neighborhood thereof. Laws 1901, amending such charter provision, provide that the lands taken for storage reservoirs, or for other constructions necessary for the introduction and maintenance of a sufficient supply of water in the city, shall be taxed in the counties where located, in the manner provided by law, exclusive of the aqueducts. *Held*, that the amendment makes liable to taxation in the counties where located all the lands taken by the city for maintenance of its water supply, including all constructions and works thereon, excluding the aqueduct only from taxation.

Appeal from Special Term.

In the matter of the application of the city of New York for a writ of certiorari to Edgar A. Husted and others, as assessors of the town of North Castle, county of Westchester, etc.; Richard Mitchell and others, as assessors of the town of Southeast, county of Putnam, etc.; George E. Teed and others, as assessors of the town of Somers, county of Westchester, etc.; Matthew Meacle and others, as assessors of the town of Mt. Pleasant, county of Westchester, etc.; Samuel H. Smith and others, as assessors of the town of North Salem, county of Westchester, etc.; Chauncey D. Griffin and others, as assessors of the town of Yorktown, county of Westchester, etc. From adverse judgments and orders the city appeals. Affirmed.

The opinion of Mr. Justice Keogh, at Special Term, is as follows:

> In 1866 the Legislature enacted a law which provided for the taxation of the lands acquired by the city of New York in the creation and maintenance of its system of water supply. The provisions of this law were substantially re-enacted by the consolidation act, and later by the charter of the greater city. It is as follows: "The lands heretofore taken or to be taken for storage reservoirs, or for other constructions necessary for the introduction and maintenance of a sufficient supply of water in the city, shall be assessed and taxed in the counties in which they are or may be located, in the manner prescribed by law at the value of the lands exclusive of the aqueduct and the constructions and works necessary for its purposes provided * * * that the assessed value of the said lands shall not exceed the assessed value of the said lands

in the immediate neighborhood thereof." The law of 1901 amended this provision of the New York charter as follows: "The lands heretofore taken or to be taken for storage reservoirs or for other constructions necessary for the introduction and maintenance of a sufficient supply of water in the city, or for the purposes of preventing contamination or pollution, shall be assessed and taxed in the counties in which they are or may be located in the manner prescribed by law, exclusive of the aqueducts." By this amendment the exemption from taxation of the constructions and works for the purpose of the aqueduct was omitted. There is also omitted the clause which provided "that the assessed value of said lands shall not exceed the assessed value of lands in the immediate neighborhood thereof." It must be plain that by this amendment the Legislature intended to make liable to taxation in the counties in which they are situated, all the lands taken by the city of New York for the maintenance of its water supply, including all constructions and works thereon, and excluding the aqueduct only from such taxation. This construction accords with the policy of the state, as shown by the general tax law of 1896, by the provisions of which "all real property within the state and all personal property situated or owned within this state, is taxable unless exempt from taxation by law." In providing for exemptions, it declares that the property "of municipal corporations of the state, held for public use, is exempt from taxation, except the portion of such property not within the corporation." By the general tax law of 1896, as well as by the striking and potent amendment of 1901, it was evidently the intention of the Legislature to establish an equitable basis for the taxation of property acquired by a municipality outside its municipal limits, and to restore for the purposes of taxation such property to the towns or municipalities in which it is situated.

Counsel to the corporation requests that the court set out a rule for the guidance of the assessors in the performance of their official duty. This is neither practicable nor necessary. The unique character of the property to be assessed and its great value make the rule governing its assessment no different from that governing the assessment of other property. The assessors should, of course, assess each parcel, keeping in mind the extent and nature of the constructions upon it, its relation to the water system of New York City in its entirety, its situation, the uses to which it is put, the approximate cost of reproduction, and then put upon it such a conservative and just value as, in their judgment and conscience, it warrants, and which will be in keeping with the valuations of other property on the same assessment roll.

I will sign orders in each case accordingly.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

John J. Delany, Corp. Counsel, and I. J. Beaudrias, for appellant. Frank V. Millard and Kellogg & Slosson, for respondents.

PER CURIAM. Order and judgment in each case affirmed, with costs, on the opinion of Mr. Justice Keogh at Special Term.